## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENNIE E. BARNES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 12-33 Erie** |
| | ) | |
| **PA. DEPARTMENT OF** | ) | |
| **CORRECTIONS, et al** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

M.J. Susan Paradise Baxter

Plaintiff, an inmate incarcerated within the State Correctional System of Pennsylvania, presented this civil rights complaint against Defendants Department of Corrections, Michael W. Harlow, and Cheryl Gill.   Named as Defendants to this action are: Pennsylvania Department of Corrections, Warden Michael Harlow, and Records Supervisor Cheryl Gill.  Plaintiff claims that he is being incarcerated illegally due to an improper sentence calculation.  As relief, Plaintiff seeks "discharge from false detention," as well as monetary damages.

Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915 to provide:

> [i]n no events shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Plaintiff has been a prolific advocate in this federal court.  At least three of Plaintiff's prior lawsuits have been dismissed for failure to state a claim: Civil Actions Numbers 03-363Erie, 03-389Erie, and 05-112Erie, all filed in the United States District Court for the Western District of Pennsylvania.  Additionally, Plaintiff's appeal of 03-389 to the United States

Court of Appeals for the Third Circuit (docketed as 05-03870) was dismissed as frivolous.

An indigent inmate may overcome the "Three Strikes Rule" if he can show that he is under "imminent danger of serious physical injury." Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (interpreting imminent danger). Because Plaintiff's claim is an error in his sentence calculation, he has not credibly alleged such imminent danger.

Accordingly, Plaintiff must pay the full filing fee before March 21, 2012, or risk dismissal of this action. An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BENNIE E. BARNES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **C.A. No. 12-33 Erie** |
| | ) | |
| **PA. DEPARTMENT OF** | ) | |
| **CORRECTIONS, et al** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

**O R D E R**

AND NOW, this 19th day of March, 2012;

Because of the prior dismissals, and because Plaintiff has not made a credible allegation that he is in imminent danger of serious physical injury,

IT IS HEREBY ORDERED THAT Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 5] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint be dismissed without prejudice to Plaintiff's right to pay the full filing fee of $350.00 to the Clerk of Courts before March 21, 2012.  Failure to pay the full filing fee by this date will result in the dismissal of this case.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge