# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BENNIE BARNES,  )
    Plaintiff  )
      )
vs.  )    C.A.No. 12-33Erie
      )
PA. DEPARTMENT OF CORRECTIONS, et al, )    Magistrate Judge Baxter
    Defendants.  )

## MEMORANDUM OPINION AND ORDER

Plaintiff Bennie Barnes initiated this civil right suit in January 2012. On February 7, 2012, Plaintiff filed his consent to have the Magistrate Judge exercise plenary jurisdiction over this case. ECF No. 3.

By Opinion and Order filed March 19, 2012, the undersigned denied Plaintiff's motion for leave to proceed in forma pauperis based upon the "three strikes rule." ECF No. 6. Plaintiff may proceed with this action but only if he pays the filing fee of $350.00.

On March 26, 2012, Plaintiff filed a District Judge Option, presumably seeking to reverse his prior consent in this case. ECF No. 9. Additionally, on that same date, Plaintiff filed a Notice of Appeal as well as a Letter to the Clerk regarding the Notice of Appeal. ECF Nos. 7, 8.

Now, it appears Plaintiff without explanation, but presumably because his motion for in forma pauperis has been denied, seeks to withdraw his consent to proceed before the Magistrate Judge. "[T]here is no absolute right to withdraw consent once granted." United States v. Neville, 985 F.2d 992, 1000 (9th Cir. 1993). Indeed, "[o]nce a right, even a fundamental right, is knowingly and voluntarily waived, a party has no constitutional right to recant at will." Carter v. Sea Land Services, Inc., 816 F.2d 1018, 1021 (5th Cir. 1987).

1

As the Carter Court explained:

> We therefore conclude that there is no absolute right to withdraw a validly given consent to trial before a magistrate. Consistent with the standard for granting motions to withdraw other waivers of rights, motions to withdraw consent to trial before a magistrate may be granted only for good cause, determination of which is committed to the court's sound discretion . . . .
>
> In exercising its discretion a court should consider a variety of factors, always remaining open and receptive to consideration of these motions. . . . Among the things a court may consider are: undue delay, Gandy v. Alabama, 569 F.2d 1318 (5th Cir.1978), inconvenience to the court and witnesses, United States v. Lochamy, 724 F.2d 494 (5th Cir. 1984), prejudice to the parties, United States v. Unum, 658 F.2d 300 (5th Cir.1981), whether the movant is acting pro se, *Lewis*, whether consent was voluntary and uncoerced, United States v. Carr, 740 F.2d 339 (5th Cir. 1984), whether the motion is made in good faith or is dilatory and contrived, Gandy, the possibility of bias or prejudice on the part of the magistrate, Chanofsky v. Chase Manhattan Corp., 530 F.2d 470 (2d Cir.1976), and whether the interests of justice would best be served by holding a party to his consent, Parks v. Collins, 736 F.2d 313 (5th Cir. 1984) (motion to withdraw consent to magistrate).

Id. at 1021. Moreover, it is the party seeking to withdraw consent who has the burden of persuasion to show that he should be permitted to withdraw the consent. See id., ("In this case, Carter [i.e., the party seeking to withdraw consent] presented the magistrate no legitimate reason to permit withdrawal of her consent.").

Given the bare signature of Plaintiff indicating that he now wants to proceed before an Article III judge, without any explanation, it is clear that Plaintiff has not carried his burden to show that he should be permitted to withdraw his consent. Accordingly, Plaintiff's request to proceed before an Article III judge is **DENIED**.

However, due to the short time frame originally given, Plaintiff will be granted an extension of time in which to pay the full filing fee.

AND NOW, this 26th day of March, 2012;

IT IS ORDERED that Plaintiff shall, on or before April 20, 2012, pay the entire filing fee of $350.00. Failure to do so will result in the dismissal of this action.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge