IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENNIE BARNES,** | ) | |
| Plaintiff, | ) | Civil Action No. 12-33 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **PA. DEPARTMENT OF** | ) | |
| **CORRECTIONS, et al,** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

This civil rights action was filed in this Court on January 26, 2012. Plaintiff, through his counsel, brought this civil rights action under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. Named as Defendants are: the Pennsylvania Department of Corrections, Michael Harlow, and Cheryl Gill.

By Memorandum Opinion and Order dated March 19, 2012, Plaintiff's request for leave to proceed in forma pauperis was denied based upon his previous "three strikes" and this Court directed him to pay the full filing fee before March 21, 2012, or risk dismissal of this case for failure to prosecute. ECF No. 6. By Order dated March 26, 2012, Plaintiff was granted an extension until April 20th in which to pay the filing fee. ECF No. 10.

Plaintiff appealed that Order to the United States Court of Appeals for the Third Circuit, which dismissed his appeal for failure to pay the requisite filing fee for the appeal. ECF No. 12.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), Plaintiff has voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

As of today's date, Plaintiff has still not paid the filing fee for this matter.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. This case is several months old, yet Plaintiff has not taken the initial steps in paying the required filing fee, let alone paid service fees to the U.S. Marshal Service. Without Plaintiff's payment of the filing fee, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings. Accordingly, this case will be dismissed due to Plaintiff's failure to prosecute.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENNIE BARNES,** | ) | |
| Plaintiff, | ) | Civil Action No. 12-33 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **PA. DEPARTMENT OF** | ) | |
| **CORRECTIONS, et al,** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

# O R D E R

AND NOW, this 6th day of June, 2012;

IT IS HEREBY ORDERED that this case is dismissed due to Plaintiff's failure to prosecute.

The Clerk of Court is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge